J-A24034-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE, FSB F/K/A WORLD SAVINGS BANK, FSB, | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| ERIC HUDSON, A/K/A ERIC B. HUDSON OR OCCUPANTS, | : : : | |
| Appellant | : | No. 3597 EDA 2014 |

Appeal from the Order Dated November 14, 2014,
in the Court of Common Pleas of Chester County,
Civil Division at No.: 14-00757

BEFORE:  PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED SEPTEMBER 28, 2015**

Eric Hudson, a/k/a Eric B. Hudson or Occupants, (Hudson) appeals from the November 14, 2014 order granting summary judgment in favor of Wells Fargo Bank, National Association Successor by Merger to Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB, (Wells Fargo).  Upon review, we affirm.

Wells Fargo initiated this ejectment action on January 31, 2014.  In its complaint, Wells Fargo alleged that it was the record owner of property located at 400 Jacobs Court, Exton, Pennsylvania, by virtue of a foreclosure and sheriff's sale of the property on July 18, 2013, and that Hudson was unlawfully occupying the property.  Wells Fargo attached the sheriff's deed,

_____
* Retired Senior Judge assigned to the Superior Court.

which was recorded with the Chester County Recorder of Deeds on August 22, 2013, as "Exhibit A" to the complaint. Hudson filed preliminary objections to the complaint, which were overruled. On July 7, 2014, Hudson filed an answer and new matter, and Wells Fargo subsequently filed a reply. On August 6, 2014, Wells Fargo filed its motion for summary judgment, which Hudson opposed. The trial court granted the motion in favor of Wells Fargo on November 14, 2014.

Hudson timely filed an appeal to this Court. The trial court ordered Hudson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and one was filed. On February 6, 2015, the trial court issued its Pa.R.A.P. 1925(a) opinion.

On appeal, Hudson essentially argues, *inter alia*, that the trial court improperly granted summary judgment in favor of Wells Fargo, because the sheriff's deed Wells Fargo attached to the complaint does not constitute a proper "abstract of title" as required by Pa.R.C.P. 1054(b).[1] We do not reach the merits of this issue, however, because we agree with Wells Fargo that Hudson has waived it for failing to file timely his Rule 1925(b) statement.

In **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), the Supreme Court of Pennsylvania held that "from this date forward, in order to preserve

---

[1] Pa.R.C.P. 1054(b) provides that, in an ejection action, "[a] party shall set forth in the complaint or answer an abstract of the title upon which the party relies at least from the common source of the adverse titles of the parties."

their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* at 309.

In ***Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222 (Pa. Super. 2014) (*en banc*), this Court explained that "[o]ur Supreme Court intended the holding in ***Lord*** to operate as a bright-line rule, such that failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." ***Id.*** at 224 (emphasis in original) (internal quotation marks omitted). We continued by explaining that, at one time, "this Court purported to carve out a number of exceptions to Rule 1925(b) waiver," such as "endors[ing] the discretionary review of appeals where trial courts relied upon appellants' untimely Rule 1925(b) statements and addressed the merits of issues raised therein." ***Id.*** Nevertheless, we explained that "in affirming ***Lord***'s bright line, our Supreme Court specifically removed our authority to allow such discretionary review":

> Stated simply, it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues. Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived….

*Id.* at 224-25.

Notwithstanding the above, this Court explained that "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation … therefore, we look first to the language of that order" to determine whether it meets the requirements set forth in the rule. *Id.* at 225 (internal quotation marks omitted). Those requirements are as follows.

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> ***
>
> (2) *Time for filing and service.*--The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.
>
> (3) *Contents of order.*--The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b).

Here, the record reveals that, on December 16, 2014, the trial court issued the following order, which we conclude is in compliance with Pa.R.A.P. 1925(b):

AND NOW, this 16th day of December, 2014, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)(1), [Hudson] is hereby ORDERED to file of record and serve a Statement of Errors Complained of on Appeal no later than twenty-one (21) days after entry of this Order. Service shall be made on the undersigned pursuant to Pa.R.A.P. 1925(b)(1). Service on all counsel of record and unrepresented parties shall be made concurrent with filing by any means of service specified under Pa.R.A.P. 121(c).

Any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived.

Order, 12/16/2014.

We also conclude that the parties received proper notice of the above order. *See Greater Erie Industrial*, 88 A.3d at 226 (observing that "strict application of the bright-line rule in *Lord* necessitates strict interpretation of the rules regarding *notice* of Rule 1925(b) orders" and that "a failure by the

prothonotary to give written notice of the entry of a court order and to note on the docket that notice was given will prevent waiver for timeliness pursuant to Pa.R.A.P. 1925(b)" (emphasis in original) (internal quotation marks omitted)). Here, the docket contains an entry on December 16, 2014, indicating that copies of the court's order were "sent to all counsel and unrepresented parties."

We now turn to Hudson's Rule 1925(b) statement. As stated previously, the trial court ordered Hudson to file his Rule 1925(b) statement "no later than twenty-one (21) days after entry of this Order." Order, 12/16/2014. "[T]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given." *Greater Erie Industrial*, 88 A.3d at 226 (quoting Pa.R.A.P. 108(b)). Thus, the trial court's order was entered on December 16, 2014.

Based on the above, Hudson had until January 6, 2015, to file timely his 1925(b) statement. *See id.* ("'When any period of time is referred to in any rule, such period in all cases … shall be so computed as to exclude the first and include the last day of such period.'") (quoting Pa.R.C.P. 106(a)). Hudson did not file his 1925(b) statement until January 9, 2015. There is no indication in the certified record that Hudson sought or was granted an

extension of time for filing his statement. Thus, we conclude that Hudson

untimely filed his 1925(b) statement.[2]

---

[2] The trial court's order contains a stamp that reads "SENT DEC 17 2014," though the stamp does not indicate to whom the order was sent on that date. Furthermore, Hudson's 1925(b) statement and accompanying certificate of service, though filed on January 9, 2015, are both dated January 7, 2015. To the extent that an argument can be made that Hudson's 1925(b) statement is timely filed given these circumstances, we reject it. As this Court stated in ***Greater Erie Industrial***:

> Pa.R.C.P. 205.1 provides: "Any legal paper not requiring the signature of, or action by, a judge prior to filing may be delivered or mailed to the prothonotary…. A paper sent by mail shall not be deemed filed until received by the appropriate officer. Additionally, Pa.R.A.P. 121 provides: "Filing may be accomplished by mail addressed to the prothonotary, but … filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing." Furthermore, this Court has stated: "If an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived—even if the Rule 1925(b) statement was served on the trial judge who subsequently addressed in an opinion the issues raised in the Rule 1925(b) statement."

***Greater Erie Industrial***, 88 A.3d at 226 n.5 (citations omitted). Thus, it is of no import that Hudson's 1925(b) statement and accompanying certificate of service are dated January 7, 2015. Moreover,

> "[T]he date of mailing or service does not necessarily control the timeliness of a Rule 1925(b) statement in the civil context. In relevant part, Pa.R.A.P. 1925(b)(1) states:
>
> > Filing of record and service on the judge shall be in person or by mail … and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified.

***Id.*** at 226 n.6. None of the required postal forms appears in the record to enable this Court to conclude that Hudson filed his 1925(b) statement on

Because Hudson has failed to file timely his 1925(b) statement, he has waived his issue on appeal. Accordingly, we affirm the order of the trial court.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/28/2015*

---

January 7, 2015. Thus, even if we were to assume that December 17, 2014, was the date upon which to calculate the deadline for filing timely the 1925(b) statement, which would be January 7, 2015, Hudson's statement would still be two days late.